UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-61508-CIV-RLR/SELTZER

JUAN CARLOS SALVADOR,

Plaintiff,

vs.

BRICO, LLC d/b/a AUTOBUY,
ANTHONY G. MAIDA, and
MARK A. MAIDA,

        Defendants.
_____/

## ORDER

**THIS CAUSE** has come before the Court upon the Plaintiff's Motion for Sanctions [DE 50] for Defendants' failure to appear at the scheduled depositions of Defendant's 30(b)(6) representative and Anthony Maida. Defendants have filed a brief, but sufficient, response to the motion [DE 51].

The present motion arises solely from counsels' inability to confer, cooperate, or coordinate a deposition schedule. Counsels' personal animosity toward each other has caused violations of the rules governing discovery and has prevented the parties from securing "the just, speedy, and inexpensive determination" of this action. See Fed. R. Civ. P. 1. Counsel have seemingly forgotten this District's expectation that "attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility." Local Rules, Introductory Statement.

On the one hand, Plaintiff noticed depositions of the Defendants without clearing the dates or times with defense counsel. Nevertheless, the depositions were properly noticed.

On the other hand, when defense counsel notified Plaintiff's counsel that the Defendants were not available for the 9:00 a.m. deposition, but were available for the 1:00 p.m. deposition, Plainitiff's counsel refused to alter the deposition schedule.  At 10:00 p.m. the night before the depositions, Defendants filed their Renewed Motion for Protective Order [DE 48], in which they notified the Court that they would not be appearing for the depositions scheduled for the following day at either 9:00 a.m. or at 1:00 p.m.

The Court entered an Order [DE 49] granting in part and denying in part the Renewed Motion for Protective Order.  The Court relieved Defendants of attending the 9:00 a.m. deposition (in light of Plaintiff's counsel's refusal to accommodate the requested schedule change), but ordered that the 1:00 p.m. deposition of Anthony Maida would proceed as noticed.  Anthony Maida did not appear for his deposition. (The Court notes that Defendants have repeatedly advised Plaintiff's counsel that its witnesses were all available and would appear for deposition on Friday, December 1, 2017.)

Plaintiff then filed his Motion for Sanctions.  He seeks $230.00 for the costs of securing two Certificate[s] of Non-Appearance (for the 9:00 a.m. and the 1:00 p.m. depositions) [DE 50-2 and 50-3] as well as $1,400.00 in attorney's fees for four hours of time Plaintiff's counsel reportedly spent "commuting to and from the office **twice** to attend both depositions." [DE 50, p.14 (emphasis in original)].

The Court concludes that imposing sanctions against Defendants in the amount of $115.00 is appropriate.  That amount represents the cost of the Certificate of Non-Appearance for Anthony G. Maida's deposition. No sanctions for the 9:00 a.m. deposition are warranted, given that the Court entered a Protective Order rescheduling that

deposition.[1] Furthermore, the Court concludes that Plaintiff's counsel's request for attorney's fees is unwarranted. Counsel seeks fees for traveling back and forth for depositions that did not occur, but the Court notes that **the depositions were scheduled to take place in Plaintiff's counsel's own office**. [DE 50-2 and 50-3]. The Court finds that this request for fees is improper and may be in bad faith. Indeed, the Court is separately entering an Order to Show Cause directing Plaintiff's counsel to show cause why sanctions should not be imposed against him personally under Fed. R. Civ. P. 11(c)(3). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Sanctions [DE 50] is **GRANTED IN PART.** Defendants shall pay the total sum of $115.00 to Koz Law P.A. within fourteen (14) days of the date of this Order.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 1st day of December 2017.

_____
BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF

---

[1] The Court is aware that its Protective Order was entered <u>after</u> the 9:00 a.m. deposition was scheduled to begin. However, Plaintiff's counsel refused a reasonable request by Defendants to postpone the 9:00 a.m. deposition until 1:00 p.m., and it was for that reason that the Court entered its Protective Order. It is for that same reason that the Court concludes that sanctions are not appropriate for Defendants' failure to appear at the 9:00 a.m. deposition.