## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.  0:17-CV-61508-ROSENBERG/SELTZER

JUAN CARLOS SALVADOR,

      Plaintiff,

v.

BRICO, LLC, ANTHONY G.
MAIDA & MARK A. MAIDA,

      Defendants.

_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

    This matter is before the Court on Defendants' Motion for Summary Judgment [DE 65] and Plaintiff's Motion for Partial Summary Judgment [DE 70].  Both motions have been fully briefed.  For the reasons set forth below, Plaintiff's Motion is granted and Defendants' Motion is denied.

### I.     SUMMARY JUDGMENT STANDARD

    Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party."  *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247-48).  A fact is material if "it would affect the outcome of the suit under the governing law."  *Id.* (citing *Anderson*, 477 U.S. at 247-48).

    In deciding a summary judgment motion, the Court views the facts in the light most

favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once the moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "[t]he non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, to show that a reasonable jury could find in favor of that party. *See Shiver*, 549 F.3d at 1343.

## II.    UNDISPUTED FACTS

The facts in this case are, for the most part, undisputed. Defendants are in the automobile business. Defendants sell automobiles. Plaintiff was employed by Defendants as a buyer. Plaintiff purchased cars for Defendants to sell. To that end, Plaintiff, who traveled extensively, appraised automobiles and negotiated the transfer of title for those automobiles from various sellers to Defendants. Plaintiff never sold cars for Defendants. Plaintiff, whom Defendants compensated through commissions (based upon the amount of cars Plaintiff purchased for Defendants), filed this suit alleging that he was owed overtime under the Fair Labor Standards Act.

2

### III.    ANALYSIS

The parties disagree on a single legal issue—whether Plaintiff is exempt from the Fair Labor Standards Act.  Defendants argue that summary judgment should be entered in their favor because Plaintiff was exempt pursuant to what is called the "outside salesman exemption."

The outside salesmen exemption excludes workers from the FLSA who are "employed . . . in the capacity of outside salesman." 29 U.S.C. § 213(a)(1).  Congress, however, did not define the term "outside salesman" and has instead delegated the authority to the Department of Labor to issue regulations defining the term.  The Department issued such regulations in 1938, 1940, 1949, and 2004.  *See* 69 Fed. Reg. 22122 (2004).  The general regulation defines an "employee employed in the capacity of outside sales" as "any employee . . . [w]hose primary duty is . . . making sales within the meaning of [29 U.S.C. § 203(k)]" and [w]ho is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty."  *Id.*  Section 203(k), quoted in the preceding sentence, is a definition section that defines "sale" or "sell" as any sale, exchange, contract to sell, consigning for sale, shipment for sale, or other disposition.  *See id.*

It is self-evident that, for the outside sales exemption to apply in this case, Plaintiff must have sold something.  For reasons the Court cannot discern, Defendants argue that the exemption applies in this case even though it is undisputed that Plaintiff was an outside *buyer*, not an outside *salesman*.  Defendants attempt to argue, in effect, that Plaintiff was "selling" something in a loose, general sense (perhaps the services of the Defendants), but the regulations expressly preclude this type of argument.  As recently as 2004, 29 C.F.R. § 541.501(e) read as follows:

> The inclusion of the word "'services'" is not intended to exempt persons who, in a very loose sense, are sometimes described as selling ''services''. For example, it does not include persons such as servicemen even though they may sell the service which they themselves perform. Selling the service in such cases would be incidental to the servicing rather than the reverse. **Nor does it include outside**

3

> **buyers, who in a very loose sense are sometimes described as selling their employer's "service" to the person from whom they obtain their goods. It is obvious that the relationship here is the reverse of that of salesman-customer.**

(emphasis added). While it is true that an amendment to § 541.501(e) in 2004 removed the language bolded above, the amendment "did not intend any substantive changes." 69 Fed. Reg. 22161 (April 23, 2004). Instead, the purpose of the amendment was to "remove[] outdated examples and unnecessary language." *Id.* In other words, the Department of Labor considered it so obvious that an outside buyer did not qualify for the outside salesmen exemption that the Regulations no longer needed to specify such. On this issue, Defendants' Motion for Summary Judgment is completely silent. Subsequent case law has reinforced the distinction under the FLSA between outside salesman, who are exempt, and outside buyers, who are not. *See Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 168 (2012).

Instead of addressing the regulation discussed above, Defendants cite to cases where courts found an employee was an outside salesman under the FLSA, even when those employees did not directly sell a product. Defendants point out that, in the instant case, a sale did occur. That is true. But nothing was sold *by Plaintiff*, nor was anything sold by Defendants.

Defendants rely upon and discuss in great detail *Christopher v. SmithKline Beecham Corp.* In *Christopher*, a pharmaceutical company promoted its products to physicians through a process where sales representatives tried to persuade physicians to write prescriptions for products. *Id.* at 150. What the sales representatives secured, then, was non-binding commitments—not sales orders. *Id.* at 150-51. The Supreme Court concluded that this was enough for the outsides salesman exception to apply. In Defendants' discussion of *Christopher*, however, Defendants ignore that the Court, in its decision, distinguished outside salesman from outside buyers. *See id.* at 168.

Defendants also cite to *Gregory v. First Title of America*, 555 F.3d 1300 (11th Cir. 2009), but that case too involved outside salesman—not outside buyers.  In *Gregory*, a marketing representative was tasked with inducing realtors, brokers, and lenders to use the services of the representative's employer. *Id.* at 1304-05.  While the marketing representative in *Gregory* may not have closed sales in the conventional sense, the Eleventh Circuit was satisfied that, in some sense, the plaintiff had made a sale. *Id.* at 1308.

Here, Plaintiff did not sell anything.  Plaintiff was an outside purchaser.  Plaintiff acquired inventory for his employer.  Department of Labor regulations, which were amended for the purpose of eliminating superfluous language only, excluded outside buyers from the outside sales exemption.  Case law enforces the distinction between outside buyers and outside salesman.  FLSA exemptions must be narrowly construed in favor of employees.  *See A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945).  For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the outsides salesman exemption does not apply to Plaintiff as a matter of law, Defendants' Motion for Summary Judgment [DE 65] is **DENIED** and Plaintiff's Motion for Partial Summary Judgment [DE 70] is **GRANTED**.[1]

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 7th day of March, 2018.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

1 The Court construes Defendants' response to Plaintiff's Motion for Partial Summary Judgment as conceding every issue in Plaintiff's Motion except for the issue of whether Plaintiff is covered by the outside salesman exemption.  *See* DE 76.