## SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

BRICO, LLC D/B/A AUTOBUY including all of their officers, directors, representatives, shareholders, owners, agents, employees, successors and assigns, ANTHONY G. MAIDA, including her heirs, representatives, attorneys, successors, and assigns, MARK A. MAIDA, including his heirs, representatives, attorneys, successors, and assigns, and (hereinafter collectively referred to as "Defendants") and JUAN CARLOS SALVADOR, including his heirs, representatives, attorneys, successors, and assigns (hereafter referred to as "Plaintiff"), for good and valuable consideration, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Settlement Agreement and General Release (the "Agreement"), the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of their employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under Title VII of the 1964 Civil Rights Act; the Civil Rights Act of 1991; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Equal Pay Act; the Fair Labor Standards Act ("FLSA"); the Employee Retirement Income Security Act (ERISA); the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; the Florida Private Whistle-blower's Act of 1991; Chapter 11A of the Miami-Dade County Code; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof. This Release includes all claims which were, or could have been, asserted in the lawsuit of *Salvador v. Brico, LLC et al*, Case No. 17-cv-61508-Rosenberg, pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

2.



**Settlement Amount and Attorney's Fees.** Defendants agree to pay: (1) $6,142.14, which represents 100% of Plaintiff's unpaid overtime wages as set forth in Plaintiff's Statement of Claim [DE 1-3] without compromise, (2) liquidated damages to be determined by the Court, if any, and (3) Plaintiff's counsel's attorney's fees and costs to be determined by the Court.

3. **Enforcement.** In the event of enforcement for non-payment, the prevailing party shall be entitled to attorney's fees and costs including attorney's fees and costs incurred during post-judgment collections.

4. **Neutral Letter of Reference.** Defendants agree to provide Plaintiff with a neutral letter of reference.

5. **No Rehire.** Plaintiff agrees not to be rehired by Defendants.

6. **Reservation of Jurisdiction.** The parties agree to seek the Court's reservation of jurisdiction to enforce the terms of this settlement.

7. **Right to Appeal.** The parties have agreed to settle Plaintiff's claim for unpaid overtime wages. The issues of liquidated damages and attorney's fees and costs remain before the Court, with a right to appeal.

8. **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

JUAN CARLOS SALVADOR

By: _____
JUAN CARLOS SALVADOR

Date: 4/29/2018

BRICO, LLC D/B/A AUTOBUY

By: _____

Printed Name: Mark A. Maida

Title: CEO

Date: 4/22/18

ANTHONY G. MAIDA

By: _____
ANTHONY G. MAIDA

Date: 4/27/18

MARK A. MAIDA

By: _____
MARK A. MAIDA

Date: 4/27/18

