**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:** 17-61508-Rosenberg/Seltzer

JUAN CARLOS SALVADOR,

                Plaintiff,

v.

BRICO, LLC D/B/A AUTOBUY,
ANTHONY G. MAIDA,
MARK A. MAIDA,

                Defendants.

_____/

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF BILL OF COSTS

Plaintiff, Juan Carlos Salvador, by and through the undersigned counsel, pursuant to Federal Rule of Civil Procedure 54(d)(1), Local Rule 7.3, 28 U.S.C. § 1920, and the Court's Order Granting Joint Motion for Approval of Settlement [DE 115], hereby submits this Memorandum supporting Plaintiff's Bill of Costs, as follows:

## MEMORANDUM OF LAW

**I.**    **Plaintiff is entitled to recover fees and costs under the terms of the parties' settlement and as the prevailing party pursuant to 28 U.S.C. § 1920, 28 U.S.C. § 1921, and Rule 54(d).**

On May 25, 2018, the Court approved the parties' settlement agreement. *See* the parties' settlement agreement [DE 114-1]; Court's Order Granting Joint Motion for Approval of Settlement [DE 115]. A term of the parties' settlement was that Defendants agree to pay Plaintiff's counsel's attorney's fees and costs to be determined by the Court.

Additionally, the Court's approval of the parties' settlement agreement renders Plaintiff the prevailing party entitled to attorney's fees and costs:

> As we've said, to be entitled to fees under the FLSA, a plaintiff must "receive a judgment in [her] favor." *Dionne,* 667 F.3d at

> 1205. Here, the district court plainly found that the settlement—which RAM admits included the full amount of back pay as well as an equal amount for liquidated damages—was reasonable, and by doing so, the district court entered a judgment in Wolff's favor. *See Lynn's Food Stores,* 679 F.2d at 1355; *Chmielarz,* 289 F.3d at 1317, 1320. RAM provides us with no reason to depart from *Lynn's,* which directs a district court to enter a judgment after "scrutinizing" for fairness a proposed settlement entered into between the employee and the employer in an action brought for back wages under the FLSA. *Id.* at 1353.

*Wolff v. Royal Am. Mgmt., Inc.*, 545 Fed. Appx. 791, 795 (11th Cir. 2013).

The Eleventh Circuit has held that Rule 54(d) "creates a presumption in favor of awarding costs to the prevailing party" which the losing party must overcome. *Manor healthcare corp v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991); *Delta Airlines, Inc. v. August*, 450 U.S. 346, 352 (1981). In fact, Rule 54 specifically states that:

> Costs other than attorneys' fees *shall* be allowed as of course to the prevailing party unless the court otherwise directs.

(emphasis added). A district court's discretion to deny costs (in particular to a prevailing plaintiff under the Fair Labor Standards Act) is quite limited, as the courts have noted "[T]he language of the rule reasonably bears intendment that the prevailing party is *prima facie* entitled to costs and it is incumbent on the losing party to overcome that presumption … [since] denial of costs … is in the nature of a penalty for some defection on his part in the course of the litigation." *Gilchrist v. Bolger*, 733 F.2d 1551, 1557 (11th Cir. 1984).

Pursuant to 28 U.S.C. § 1920, taxable costs include:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2008). Additionally, Plaintiff is entitled to costs pursuant to 29 U.S.C. § 216(b).

### A.      Fees of the Clerk and Marshal

Pursuant to § 1920(1), "fees of the clerk and marshal" may be taxed as costs. This includes service of process costs. Although § 1920(1) specifically mentions the term "marshal," since the Marshal's Service rarely serves process anymore, the current trend is to read § 1920 as contemplating costs for the service of process in general. *EEOC v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000)(holding that private process server fees may be taxed under § 1920); *Collins v. Gorman*, 96 F.3d 1057 (7th Cir. 1996); *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175 (9th Cir. 1990); *Tang How v. Edward J. Gerritts, Inc.*, 756 F. Supp. 1540, 1545 (S.D. Fla. 1991)(J., Davis); *American United Life Ins. V. American United Ins.*, 731 F. Supp. 480, 489 (S.D. Fla. 1990)(J., King); *Allen v. Freeman*, 122 F.R.D. 589, 592 (S.D. Fla. 1988); *Griffith v. Mt. Carmel Medical Ctr.*, 157 F.R.D. 499, 507 (D. Kan. 1994); and *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995).

The Eleventh Circuit has held that § 1920(1), read in conjunction with § 1921,[1] authorizes a court to tax private process servers' fees as costs, provided that their rates do not

---

[1] Section 1921(a) sets forth the types of activities for which U.S. Marshals may collect a fee; serving a subpoena is one activity for which they may collect. Under § 1921(b), the Attorney General may prescribe regulations concerning the fees that may be charged by the Marshall's Service. Those regulations are set forth in 28 C.F.R. § 0.114.

exceed the cost of having the U.S. Marshall's Service effectuate process. *W&O, Inc.* 213 F.3d at 623-24. When the Marshal's Service serves process, its rate is $55.00 per hour for each item served, plus travel and other out-of-pocket costs.

The Plaintiff incurred the following costs associated with fees of the clerk and fees for service of process in this case:

| DATE | TYPE | DESCRIPTION | COST |
|------|------|-------------|------|
| 12/17/17 | Filing Fee | Plaintiff's Complaint | $ 400.00 |
| 12/27/17 | Service of Process | MAIDA, ANTHONY G. | $ 66.00 |
| 12/27/17 | Service of Process | MAIDA, MARK A. | $ 66.00 |
| 1/4/18 | Service of Process | BRICO LLC. | $ 66.00 |
| | | Total | $ 598.00 |

### B.    Fees for Transcripts

Pursuant to § 1920(2), "transcripts necessarily obtained for use in the case" may be taxed. The Eleventh Circuit has held that the taxation of deposition costs comes within the parameters of this section. *U.S. E.E.O.C. v. W & O, Inc.,* 213 F.3d 600, 620 (11th Cir.2000). "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.' " *Id.* at 620–21. "[A] deposition taken within the proper bounds of discovery will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged." *George R. Hall, Inc. v. Superior Trucking Co.,* 532 F.Supp. 985, 994 (N.D.Ga.1982) (quoting *Jeffries v. Ga. Residential Fin. Auth.,* 90 F.R.D. 62, 63 (N.D.Ga.1981)). And depositions relied upon for summary judgment motions are taxable. *Helms v. Wal–Mart Stores, Inc.,* 808 F.Supp. 1568, 1572 (N.D.Ga.1992), *aff'd,* 998 F.2d 1023 (11th Cir.1993).

Defendants identified in their initial disclosures the following witnesses:

1. Angel Salmon, c/o Defendants' counsel

    2. Cory Evans, c/o Defendants' counsel

    3. Erick Parada, c/o Defendant's counsel

    4. Biel Semexant, c/o Defendants' counsel

    5. Gubazi Sharadze, c/o Defendants' counsel

    6. Dwayne Hubbard, c/o Defendants' counsel

    7. Zaphyra Francois, c/o Defendants' counsel

    8. Ignacio Angulo, c/o Defendants' counsel

    9. Anthony G. Maida, c/o Defendants' counsel

    10. Mark A. Maida, c/o Defendants' counsel

Defendants identified all of these witnesses as having knowledge "pertaining to, among other things, the hours Plaintiff worked, Plaintiff's time and/or payroll records, Plaintiff's claim and/or Defendants' defenses." Plaintiff therefore deposed these witnesses and ordered their transcripts. Plaintiff seeks costs for the depositions of Defendants' witnesses, and the transcripts.

The Court Reporter's appearance fee is also taxable because it is necessary for the court reporter to appear and record the testimony before the court reporter can subsequently prepare the deposition transcript.

> Numerous courts have ruled that court reporter appearance fees are properly taxable as costs. *See, e.g., Held v. Held,* 137 F.3d 998, 1002 (7th Cir.1998); *Wesley v. Dombrowski,* No. 03–4137, 2008 WL 2609720, at *2–3 (E.D.Pa. June 26, 2008) ("[M]ost courts have permitted the prevailing party to recover the fee charged by the court reporter for his or her 'appearance.' ") (collecting cases); *Price v. United Tech. Corp.,* No. 99–8152–Civ, 2001 WL 36085163, at *2 (S.D.Fla. July 27, 2001) (Ferguson, J., adopting recommendation *1259 of Snow, M.J.); *but see Newman v. Hous. Auth. of the City of Fort Lauderdale,* No. 06–60359–Civ, 2007 WL 315098, at *3, 2007 U.S. Dist. LEXIS 6797, at *7 (S.D.Fla. Jan. 31, 2007) (Middlebrooks, J.) (disallowing appearance fees as they are not "listed in § 1920"). The cases that have permitted court reporter appearance fees reason that it is necessary for the court

reporter to appear and record the testimony, and then to subsequently prepare the deposition transcript. The undersigned agrees that the appearance fee is directly related to preparing the transcript.

*Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258-59 (S.D. Fla. 2013).

Below are the deposition costs that Plaintiff is seeking:

| DATE | TYPE | DESCRIPTION | COST |
|------|------|-------------|------|
| 12/6/17 | Transcript | Biel Semexant | $ 246.40 |
| 12/6/17 | Transcript | Dwayne Hubbard | $ 242.55 |
| 12/8/17 | Transcript | Angel Salmon | $ 300.30 |
| 12/6/17 | Transcript | Zaphyra Francois | $ 216.20 |
| 12/6/17 | Transcript | Gubazi Sharadze | $ 127.05 |
| 12/8/17 | Transcript | Erick Parada | $ 257.95 |
| 12/8/17 | Transcript | Cory Evans | $ 238.70 |
| 12/1/17 | Transcript | Anthony Maida | $ 46.20 |
| 12/1/17 | Transcript | Mark Maida | $ 582.55 |
| 12/1/17 | Deposition | Court reporter appearance fee for Mark A. Maida | $ 215.00 |
| 12/6/17 | Deposition | Court reporter appearance fee for depositions of Zaphyra Francois and Dwayne Hubbard | $ 205.00 |
| 12/7/17 | Deposition | Court reporter appearance fee for depositions of Gubazi Sharadze and Biel Semexant | $ 205.00 |
| 12/8/17 | Deposition | Court reporter appearance fee for depositions of Erick Parada, Cory Evans, Angel Salmon | $ 425.00 |
| 3/21/18 | Transcript | Transcript of Settlement Conference held on 3/21/18 before Magstrate Judge Dave Lee Brannon | $ 78.65 |
| | | **Total** | **$3,386.55** |

The transcript of the settlement conference was necessarily obtained due to Defendants' counsel taking the position post-settlement that Defendants did not actually intend to pay the amounts determined by the Court. Defendants' counsel also attempted to compel confidentiality as a term of the settlement even though that term was never agreed to by Plaintiff. The Court ultimately granted in part Plaintiff's Motion to Enforce Settlement [DE 99]. *See* Order Adopting

Magistrate Report and Recommendation [DE 110]. The transcript was reviewed to prepare the parties' written settlement agreement to avoid further conflict with Defendants' counsel. For example, at one point Defendants' counsel sent a revised draft of the settlement agreement that removed from the scope of the enforcement provision providing for prevailing-party attorney's fees and costs the payment of liquidated damages (as determined by the Court) and Plaintiff's counsel's attorney's fees and costs. For all these reasons, the transcript of the settlement conference held on March 21, 2018 was necessarily obtained and should be recoverable.

### C.    Copying Costs

Photocopying is a taxable cost pursuant to 28 U.S.C. § 1920(4). *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1975). Generally, a prevailing party may recover the costs of photocopies of documents attributable to discovery, pleadings, correspondence, copies of exhibits, documents tendered to opposing counsel, and document submitted to the Court for consideration. *See, e.g., Brewer-Giorgio v. Bergman*, 985 F. Supp. 1478, 1485 (N.D. Ga. 1997); *Grady v. Bunzl Packaging Supply Co.*, 161 F.R.D. 477, 479 (N.D. Ga. 1995); *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989)(finding that "[c]opies attributable to discovery' are a category of copies recoverable under § 1920(4)).

Below are the copying costs that Plaintiff is seeking:

| TYPE | DESCRIPTION | COST |
|---|---|---|
| Printing Costs | Printed documents bates numbered PLA00001-PLA0295 in preparation for depositions - $0.12 per page. | $  35.40 |
| Printing Costs | Printed documents bates numbered BRICO LLC 0001-0136 in preparation for depositions - $0.12 per page. | $  16.32 |
| | **Total** | **$  51.72** |

*See Allen v. Freeman*, 122 F.R.D. 589, 591 (S.D.Fla.1988)(rate of $0.15 per page for copying costs was reasonable).

### D.  Witness Fees

Witness fees are taxable costs pursuant to 28 U.S.C. § 1920(3). All non-party witnesses identified in Defendants' initial disclosures were identified as "c/o Defendants' counsel". Although Defendants' counsel declined to provide their addresses, he advised that they were all traveling from Miami and that he required that they be provided with witness fees. The mileage fee only needs to be a reasonable estimate of the distance traveled. *See In re Dennis*, 330 F.3d 696, 705 (5th Cir. 2003). Pursuant to 28 U.S.C. § 1821(b), the applicable witness fee is $40 plus mileage at the rate of $0.535 (2017 rate) per mile roundtrip. Certain non-party depositions occurred at Plaintiff's counsel's office while others occurred at Defendants' counsel's office. Plaintiff's counsel's office is 29.2 miles from Miami while Defendants' counsel's office is 49.2 miles from Miami. Accordingly, $60 witness fees were reasonable estimations, and Defendants' counsel did not object when Plaintiff's counsel delivered to Defendants' counsel's office witness fee checks of $60 per witness.

Below are witness fee costs Plaintiff is seeking:

| DATE | TYPE | DESCRIPTION | COST |
|------|------|-------------|------|
| 12/4/17 | Witness Fee | Cory Evans subpoena witness fee | $  60.00 |
| 12/4/17 | Witness Fee | Angel Salmon subpoena witness fee | $  60.00 |
| 12/4/17 | Witness Fee | Erick Parada subpoena witness fee | $  60.00 |
| 12/4/17 | Witness Fee | Biel Semexant subpoena witness fee | $  60.00 |
| 12/4/17 | Witness Fee | Gubazi Sharadze subpoena witness fee | $  60.00 |
| 12/4/17 | Witness Fee | Dwayne Hubbard subpoena witness fee | $  60.00 |
| 12/4/17 | Witness Fee | Zaphyra Francois subpoena witness fee | $  60.00 |
|  |  | **Total** | **$  420.00** |

## II.  Plaintiff is entitled to interest flowing from the date of the Final Judgment on any and all costs taxed by the Court.

Plaintiff is entitled to interest flowing from the date of the Final Judgment on any and all costs taxed by the Court. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045,

1052 (11th Cir. 1994) (holding that "interest shall accrue on Paine Webber's taxable costs from the date the court entered final judgment in favor of Paine Webber on the merits of BankAtlantic's action, November 24, 1989"—BankAtlantic asserted that the cost interest should run from July 3, 1991, the day the district court adopted the magistrate's report and recommendation as to costs); *Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988) (holding that "[w]e conclude that when a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment"). At least one district court in the Southern District has expressly followed *BankAtlantic* on this point. *Chiever v. R.J. Schor, Inc.*, 2008 WL 4097795 (S.D. Fla. 2008). Other courts have followed *Georgia* and interpreted the law in this regard in the same manner as *BankAtlantic* without mentioning *BankAtlantic*. *See, e.g.*, *Lane v. Capital Acquisitions Management and Co.*, 554 F. Supp. 2d 1345, 1355 (S.D. Fla. 2008) and *Navarro v. Broney Automotive Repairs, Inc.*, 2008 WL 2901440 (S.D. Fla. 2008). Other circuits follow this rubric as well. *Jenkins by Agvei v. Missouri*, 931 F.2d 1273 (8th Cir. 1991); *Copper Liquor, Inc. v. Adolph Coors Co.,* 701 F.2d 542 (5th Cir. 1983); and *Finkelstein v. Bergua,* 804 F. Supp. 1235, 1240 (N.D. Cal. 1992).

### III.    Conclusion

Based on the foregoing, Plaintiff respectfully requests that this Court tax the following costs against Defendants, in addition to interest accrued:

| SECTION | DESCRIPTION | COST | |
|---|---|---|---|
| 28 U.S.C. § 1920(1) | Fees of the Clerk and Marshal | $ | 598.00 |
| 28 U.S.C. § 1920(2) | Fees for Transcripts | $ | 3,386.55 |
| 28 U.S.C. § 1920(3) | Witnesses | $ | 420.00 |
| 28 U.S.C. § 1920(4) | Copy Costs | $ | 51.72 |
| | Total | $ | 4,456.27 |

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____

Elliot Kozolchyk, Esq.
Bar No.: 74791

## <u>CERTIFICATE OF GOOD FAITH CONFERRAL</u>

Undersigned counsel has conferred with counsel for Defendants, pursuant to Local Rule 7.1.A.3., but was not successful in resolving Plaintiff's costs. Defendants objected to the mediation cost, which Plaintiff has removed. Defendants' counsel objected to an erroneous duplicative witness fee for witness Angel Salmon, which Plaintiff's counsel removed.

Counsel for Defendants also objected as follows: "I am also going to object to the $1,629.15 for the transcripts of the seven witnesses and the $78.65 for the transcript of the settlement conference as unreasonable and not necessarily obtained for use in the case." For the reasons stated in this memorandum, these objections are without merit.

_____

Elliot Kozolchyk, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on June 25, 2018 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

_____
Elliot Kozolchyk, Esq.

## SERVICE LIST

Daniel R. Levine, Esq.
*Counsel for Defendants*
Padula Bennardo Levine LLP
3837 NW Boca Raton Blvd., Suite 200
Boca Raton, FL 33431
Telephone: (561) 544-8900
Facsimile: (561) 544-8999
E-mail: drl@pbl-law.com, ak@pbl-law.com