## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.  0:17-CV-61508-ROSENBERG/SELTZER

JUAN CARLOS SALVADOR,

     Plaintiff,

v.

BRICO, LLC, ANTHONY G.
MAIDA & MARK A. MAIDA,

     Defendants.

_____/

### ORDER GRANTING IN PART AND
### DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiff's Motion for Reconsideration [DE 124].  The Motion has been fully briefed.  For the reasons set forth below, the Motion is granted in part and denied in part.

Plaintiff's Motion stems from the Court's earlier Order granting in part and denying in part Plaintiff's Motion for Costs [DE 123].  That Order read as follows:

> PAPERLESS ORDER GRANTING IN PART AND DENYING IN PART Plaintiff's Motion for Costs 116. With respect to Plaintiff's request to be reimbursed for the cost of 9 deposition [transcript]s, the Court concludes that Plaintiff has not shown that the deposition transcripts were necessary obtained for use in this case. See 28 U.S.C. section 1920. The facts in this case were, for the most part, undisputed. The parameters of Plaintiff's job were known to all parties. The parties' disagreement in this case was focused on a legal question-whether Plaintiff was exempt from the Fair Labor Standards Act. The Court does award, however, the costs of the transcript for the settlement conference before Judge Dave Lee Brannon. The Court grants Plaintiff all other requested costs without comment, and Plaintiff is therefore awarded $1,148.37 in costs.

Plaintiff has filed the Motion for Reconsideration before the Court on the premise that this case was very much a case with disputed facts and, as a result, Plaintiff needed to take the

depositions (and order the deposition transcripts) of potential witnesses at trial.  It is of course true that the deposition costs of potential trial witnesses can be taxed,[1] but it is also true that the Court may exercise its discretion not to award costs when the costs were not necessarily incurred for use in the case.[2]

Here, Plaintiff deposed and ordered transcripts for *nine* witnesses in a case about six thousand dollars.  DE 9-1.  In order to consider Plaintiff's request for costs for all nine deposition transcripts, the Court finds it helpful to review the history of this case.  At docket entry 28, the Court strongly cautioned counsel from engaging in further unprofessional filings as follows:

> PAPERLESS ORDER. After this Court ruled on [20] Plaintiff's Motion for Extension of Time, see DE 21, Defendants' counsel filed a [22] Response in opposition to the Motion and Plaintiff's counsel filed a [24] Reply in support of the Motion. Both filings were unnecessary and constituted little more than a recitation of complaints against opposing counsel. The Court notes that the same counsel on both sides have previously failed to communicate effectively with each other and submitted similar filings in at least two other cases: Herrera v. Model Row Inc. et al., case no. 9:17-cv-80241 and Inman v. Lori Jill Designs LLC et al., case no. 9:17-cv-80426-RLR. Such conduct is unacceptable and will not be tolerated by the Court. The Court expects counsel to communicate directly with each other in a courteous and professional manner. Counsel may not use any filing as an opportunity to air their grievances before the Court. The Court cautions counsel on both sides that any further instances of the unacceptable conduct identified in this Order may result in the imposition of sanctions against them.

Notwithstanding the Court's warning, Plaintiff's counsel continued to engage in improper filings as part of a historical, on-going dispute with Defendants' counsel.  By way of example, Plaintiff's counsel complained at docket entry 50 that Defendants' counsel kept using "bold, italics, and underlines," when he described Plaintiff's counsel but, in the very same filing, Plaintiff utilized bold, italics, and underlines to describe Defendants' counsel approximately nineteen times.  Later, at a hearing before Magistrate Judge Brannon, Judge Brannon warned Plaintiff's counsel that his

---

1 *E.g., U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000).
2 *Id.* at 620.

conduct was becoming sanctionably vexatious. *See* DE 106. The undersigned has also been privy to many historical disputes between Plaintiff's counsel and Defendants' counsel including, for example, case 15-CV-80812, wherein both counsel were required to perform community service as a court-ordered sanction because of their litigation conduct.

With this background, the Court notes Rule 1 of the Federal Rules of Civil Procedure. Rule 1 states that the parties must work to secure the just, speedy, and inexpensive determination of every action and proceeding. With that duty in mind, the Court considers the proportionality of the nine deposition transcripts in this case with the Plaintiff's Complaint for six thousand dollars. This case ultimately settled, as most cases brought under the Fair Labor Standards Act do. Indeed, once this Court resolved the legal question of whether Plaintiff was exempt from the FLSA, Defendants' offer of settlement soon followed. Defendants' settlement necessarily avoided the large cost and expense of trial, as juxtaposed to the comparatively low amount that Plaintiff sought in this case. When the Court compares the amount at issue in this case with the amount of litigation costs generated by Plaintiff, and when the Court considers the history of counsel's litigation conduct, together with the reality that this case was, ultimately, decided through the Court's legal ruling on FLSA exemptions, the Court concludes that Plaintiff's transcript costs were not incurred for the purpose of summary judgment or trial—with one exception.

One of the transcripts at issue stems from the deposition of a Defendant in this case, Mr. Mark Maida. Plaintiff seeks reimbursement for the cost of Mr. Maida's transcript ($582.55) and for the cost of the court reporter attendance ($215.00). The Court agrees with Plaintiff that Mr. Maida's deposition was taken for the purpose of summary judgment. Defendants also appear to concede that Mr. Maida's deposition was taken for the purpose of Plaintiff's Motion for Summary

Judgment.  DE 130 at 3-4.  The Court reconsiders its prior Order at docket entry 123 insofar as Plaintiff should be awarded costs for Mr. Maida's deposition.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration [DE 124] is **GRANTED IN PART AND DENIED IN PART**.  The Court's Order at docket entry 123 is amended insofar as the Court's prior award of $1,148.37 is amended to award Plaintiff $1,945.92 ($1,148.37 + $582.55 + $215.00) in costs.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 6th day of November, 2018.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record