# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

| | |
|---|---|
| David J. Smith<br>Clerk of Court | For rules and forms visit<br>www.ca11.uscourts.gov |

February 03, 2020

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 18-15092-EE
Case Style: Juan Salvador v. Brico, LLC, et al
District Court Docket No: 0:17-cv-61508-RLR

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 18-15092

_____

District Court Docket No.
0:17-cv-61508-RLR

JUAN CARLOS SALVADOR,

               Plaintiff - Appellant,

versus

BRICO, LLC,
d.b.a. Autobuy,
ANTHONY G. MAIDA,
MARK A. MAIDA,

               Defendants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: January 03, 2020
For the Court: DAVID J. SMITH, Clerk of Court
By: Jeff R. Patch

ISSUED AS MANDATE 02/03/2020

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-15092
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cv-61508-RLR

JUAN CARLOS SALVADOR,

                                                      Plaintiff-Appellant,

versus

BRICO, LLC, et al.

                                                      Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 3, 2020)

Before JORDAN, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

Juan Salvador appeals the district court's denial in part of deposition costs following settlement in Salvador's underlying Fair Labor Standards Act ("FLSA") action against his former employer, appellee Brico, LLC (hereinafter, "Brico"). Following the $6,142.14 settlement, the district court entered an order denying Salvador's request to be reimbursed for the costs of nine depositions (approximately $2,500) and granting all other requested costs without comment ($1,148). Salvador subsequently moved for reconsideration of the district court's order. The district court reconsidered its prior order and granted it in part, awarding costs as to one of the witnesses' deposition, reasoning that it was the only deposition taken for the purpose of summary judgment, but denied again the other deposition costs. Salvador timely appealed.

On appeal, Salvador contends that the district court abused its discretion in determining that certain depositions Salavador conducted were not necessarily obtained for use in the case—thus, the court did not tax Brico for the costs of those depositions. Upon a review of Salvador's brief,[1] the record, and the district court's orders, we affirm.

---

[1] We note that Brico did not file a brief in this case. *See* 11th Cir. R. 42-2(f) ("When an appellee fails to file a brief by the due date. . . the appeal will be submitted to the court for decision without further delay.").

I. STANDARD OF REVIEW

We review taxation of deposition costs for abuse of discretion. *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" *Id*. at 620-21 (citing *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. Unit B 1981)).

"An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award [or a denial] upon findings of fact that are clearly erroneous." *United States v. Shaygan*, 652 F.3d 1297, 1310 (11th Cir. 2011)

"[W]here the trial court denies the prevailing party its costs, the court *must* give a reason for its denial of costs so that the appellate court may have some basis upon which to determine if the trial court acted within its discretionary power." *Head v. Medford,* 62 F.3d 351, 354 (11th Cir. 1995) (quoting *Gilchrist v. Bolger,* 733 F.2d 1551, 1557 (11th Cir. 1984)) (emphasis in original).

II. DISCUSSION

Federal Rule of Civil Procedure Rule 54(d)(1) establishes that "costs—other than attorney's fees—should be allowed to the prevailing party" unless ". . . a court

order provides otherwise." Taxation of deposition transcripts costs is authorized by 28 U.S.C. § 1920(2).[2]

However, simply because taxation of deposition transcript costs is authorized does not mean that taxation of such costs is automatic. In *W&O*, this court refused to impose a blanket rule that taxation of deposition costs is warranted solely *because* the deponent was on the losing party's witness list. *See W&O*, 213 F.3d at 621. Rather, the choice whether to award taxation of deposition costs is left to the district court's discretion. *Id.* ("[d]epositions for these witnesses *may* be taxable, *in the discretion of the district court*.") (emphasis added).

Salvador argues that the district court committed reversible error by not taxing the deposition costs of nine witnesses who were listed on Brico's initial disclosure list. Salvador asserts that Brico's mere inclusion of those witnesses on the trial witness list made their depositions "necessary" and thus the costs recoverable.

The district court disagreed. After approving the settlement, which, in part, stated that "[Salvador's] counsel's attorney's fees *and costs* [will be] determined by the [c]ourt," the district court found that

> [Salvador] has not shown that the deposition transcripts were necessary [sic] obtained for use in this case. . . . The facts in this case

---

[2] "A judge or clerk of any court of the United States may tax as costs . . . [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

4

were, for the most part, undisputed. The parameters of Plaintiff's job were known to all parties. The parties' disagreement in this case was focused on a legal question—whether Plaintiff was exempt from the [FLSA].

In the subsequent order denying Salvador's motion for reconsideration, the court further explained its rationale:

When the Court compares the amount at issue in this case [approximately $6,000] with the amount of litigation costs generated by Plaintiff [approximately $45,000],[3] and when the Court considers the history of counsel's litigation conduct, together with the reality that this case was, ultimately, decided through the Court's legal ruling on FLSA exemptions, the Court concludes that *[those deposition costs] were not incurred for the purpose of summary judgment or trial*—with one exception.[4]

(emphasis added).

Although Salvador has made various arguments quarrelling with the district court's reasoning, he has not presented a compelling claim showing an abuse of discretion. Here, in their settlement, the parties agreed that "[Salvador's] counsel's attorney's fees *and costs* [will be] determined by the [c]ourt." The court, in its initial order, provided a clear rationale to deny costs by determining that the nine depositions were not "necessarily obtained" because the "facts in this case were,

---

[3] Salvador's motion for attorney's fees (approximately $45,000) is currently pending before the district court and is not at issue in this appeal. The district court stayed that matter pending the outcome of the appeal.

[4] In looking to see whether any of the nine depositions were incurred for the purpose of summary judgment or trial—and finding that, indeed, one of the depositions was taken for the purpose of summary judgment, thus taxation was warranted—the district court engaged in precisely the analysis and framework espoused by this court in *W&O* to determine if a deposition was "wholly or partially 'necessarily obtained for use in the case.'" 213 F.3d at 621.

for the most part, undisputed." The court, in its subsequent order, further reasoned that the attorneys' unprofessionalism, historical litigation conduct, and current "vexatious" litigation—combined with the proportionality of costs compared to the amount at issue—weighed against awarding the deposition costs and supported the finding that "[Salvador's deposition] costs were not incurred for the purpose of summary judgment or trial."

The district court's findings are not clearly erroneous as they are supported by the record. Thus, the district court acted properly in exercising its discretion to deny taxation of deposition costs when it determined that because the depositions were not incurred for use in summary judgment or trial they were not necessarily obtained for use in the case. *See W&O*, 213 F.3d at 621. The court further acted properly, as required, by explaining its rationale for denying in part the requested deposition costs. *See Medford*, 62 F.3d at 354. Although Salvador disagrees with the district court's factual finding that the depositions in question were not necessarily obtained for use in this case, he has failed to show that this factual finding was clearly erroneous. Accordingly, the district court did not abuse its discretion in denying, in part, the motion for costs. We affirm.

**AFFIRMED**