UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:17-CV-61508-ROSENBERG

JUAN CARLOS SALVADOR,

    Plaintiff,

v.

BRICO, LLC, *doing business as*
AUTOBUY, *et al.*,

    Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Attorney's Fees. DE 122.  The Court previously stayed its resolution of the Motion pending an appeal, and that appeal has since resolved.  DE 136, 141.

The Court has carefully reviewed the Motion for Attorney's Fees, Defendants' Response thereto [DE 125], Plaintiff's Reply [DE 126], and the entire record and is otherwise fully advised in the premises.  For the reasons given below, the Motion for Attorney's Fees is **GRANTED IN PART AND DENIED IN PART**.

This action for unpaid overtime wages arose under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").  The parties reached a settlement agreement following discovery, the denial of Defendants' Motion for Summary Judgment, and a mediation and two settlement conferences.  The Court previously granted in part and denied in part Plaintiff's Motion for Costs.  In the instant Motion for Attorney's Fees, Plaintiff seeks an award of $45,605 in fees.

The FLSA permits a court to order "reasonable attorney's fees to be paid by the defendant." 29 U.S.C. § 216(b). To calculate reasonable attorney's fees, a court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Counsel bases the request for attorney's fees on an hourly rate of $350. In multiple FLSA cases, this Court has found that $350 is a reasonable hourly rate for Plaintiff's counsel. The Court finds that $350 is a reasonable hourly rate for the purpose of calculating attorney's fees in this case.

Counsel produced billing records showing that he spent 130.3 hours working on this case. The Court finds that the number of hours claimed is unreasonably high for the following reasons:

**A.     Excessive Hours**

Counsel billed one hour to prepare the Complaint and the Statement of Claim [DE 1]. The Complaint spanned less than three pages. Counsel is experienced in filing FLSA cases and had prepared multiple other Complaints that he undoubtedly could use templates for the brief Complaint that he filed in this case. At most, 0.5 hours is reasonably attributable to preparing the Complaint and the Statement of Claim, especially given the significant amount of time that counsel also billed to meet with and gather information from his client. The Court therefore reduces the hours claimed by 0.5 hours.

Counsel billed 0.1 hours for reviewing each of several very brief written or paperless orders or notices [DE 2, 17, 30, 31, 34, 60, 73, 80, 82, 88, 91, 94, 97]. Two of these notices simply advised that the case had not settled at a settlement conference and at mediation—information of which counsel was certainly already aware, having attended the settlement conference and mediation [DE 34, 60]. Billing in six-minute increments to review orders or notices comprised of,

at most, a few sentences is unreasonable. Counsel also billed 0.2 hours to review both an email from defense counsel announcing his appearance and a Notice of Appearance from defense counsel [DE 12; email dated August 15, 2017]. The Court concludes that it was reasonable to spend no more than a total of 0.5 hours to undertake these reviews and therefore reduces the hours claimed by 0.9 hours.

Counsel billed a total of 26.6 hours to prepare, review, and correspond about multiple rounds of written discovery and to prepare for and attend Plaintiff's and Mark Maida's depositions[1] [entries dated September 26 and 27, October 29, November 2, 3, 4, 6, 7, 15, and 29, and December 1, 2, 4, 5, 7, and 19, 2017]. As the Court stated in previous Orders, this case involved facts that were undisputed for the most part. *See* DE 86, 123. The case largely revolved around a single legal issue, that is, whether Plaintiff was exempt from the FLSA under the outside salesmen exemption. *See* DE 86, 123. The amount of time billed to conduct discovery in this case was excessive and unreasonable. The parties could and should have conferred on what issues truly were in dispute and agreed upon targeted discovery directed toward those discrete issues.[2] The Court concludes that only one-quarter, or 6.7 hours, of the time billed for written discovery and Plaintiff's and Mark Maida's depositions was reasonably expended in this case and, thus, reduces the hours claimed by 19.9 hours.

Counsel billed a total of 30.4 hours for researching in preparation for summary judgment, review and preparation related to Defendants' Summary Judgment Motion, and review and preparation related to Plaintiff's Summary Judgment Motion [DE 65-69, 74-79; entries dated December 23 and 24, 2017]. The Summary Judgment Motions were on the single legal issue in

---

[1] The billed time related to the depositions of seven other individuals is addressed below.

[2] The Court addresses below counsel's failure to act professionally and communicate effectively with one another.

this case—whether Plaintiff was exempt from the FLSA under the outside salesmen exemption.[3] Plaintiff's Summary Judgment Motion was the inverse of Defendants' Summary Judgment Motion on that legal issue. The Court concludes that, at most, one-third, or 10.1 hours, of the time billed related to summary judgment was reasonably expended and reduces the hours claimed by 20.3 hours.

Counsel billed 4.5 hours related to preparation of and communication about the Joint Pretrial Stipulation [entries dated March 2, 7, and 8, 2017]. Expending that amount of time to prepare a four-page document was excessive and unreasonable. *See* DE 87. The Court concludes that only one-quarter, or 1.1 hours, of the time billed was reasonably expended and reduces the hours claimed by 3.4 hours.

### B. Hours Unnecessary to the Litigation

This case generated a level of motion practice that, in the Court's experience, is unusual and excessive for an FLSA case. Upon review of the record, the Court concludes that many of the filed motions could have been avoided had counsel for the parties acted professionally and amicably toward one another and communicated effectively. In fact, at least twice the Court reminded counsel of their obligations to act professionally and courteously toward one another and to communicate before seeking Court intervention. *See* DE 28, 52. Even where motions for deadline extensions may have been needed, counsel could and should have reached agreement on the extensions and presented united requests to the Court. Counsel may not benefit from a failure to act professionally. *Cf. Powell v. Carey Int'l, Inc.*, 547 F. Supp. 2d 1281, 1294-95 (S.D. Fla.

---

[3] To the extent that Plaintiff's Summary Judgment Motion raised additional issues that Defendants' conceded in their Response, a Motion on those issues would have been unnecessary had counsel for the parties communicated effectively about what was at issue in the case. *See* DE 86 at 5 n.1.

2008) ("Plaintiffs' counsel's overall inability to communicate with defense counsel unnecessarily increased the costs of the litigation and, as such, he cannot benefit from these actions.").

Thus, counsel will not be awarded for the following time spent on preparation and review: (1) 0.5 hours related to a motion for an extension of the answer deadline, which could have been avoided had counsel courteously apprised defense counsel of service or promptly filed returns of service [DE 11, 14, 15, 16]; (2) 6.1 hours for several motions for discovery extensions from both parties [DE 18, 36-47, 56-59, 62-64]; (3) 1.1 hours for a motion to extend the mediation deadline [DE 20-24, 28]; (4) 0.2 hours on a request for the Clerk of Court to appoint a mediator, which would have been unnecessary had the parties agreed upon a mediator [DE 26, 27]; (5) 0.3 hours on a motion for a protective order [DE 48, 49]; (6) 3.2 hours for a motion for sanctions [DE 50-52]; and (7) 2.8 hours reviewing orders related to and responding to an Order to Show Cause issued due to an apparent discrepancy in Plaintiff's motion for sanctions [DE 53, 55, 61]; and (8) 0.5 hours for a motion to extend the deadline to submit a joint pretrial statement [DE 84, 85]. These reductions decrease the hours claimed by a total of 14.7 hours.

Similarly, counsel billed 1.3 hours sending and reviewing emails with defense counsel on the topic of whether Defendants would in fact attend depositions that had been noticed and then waiting for a Defendant who appeared late [entries dated November 29 and 30 and December 1, 2017]. Counsel billed 4.1 hours that is attributable to the parties' inability to reduce their settlement agreement to writing following a successful settlement conference [DE 98-103, 106, 110; attendance at April 5 status conference]. And, despite billing significantly for preparing and reviewing settlement agreement drafts, emailing defense counsel about the drafts, and discussing the drafts with Plaintiff, counsel also billed 0.4 hours simply to compare two drafts that differed

5

only in formatting and spacing. The Court concludes that awarding fees for these actions would be unreasonable and thus reduces the hours claimed by 5.8 hours.

After billing 0.1 hours to review a notice of mediation, counsel billed an additional 0.2 hours to review a re-notice of mediation and associated documents, when the re-notice stated clearly at the top that it was for a change of location only [DE 35]. Billing the additional 0.2 hours was unreasonable, and the Court reduces the hours claimed accordingly.

The Court previously determined that the depositions of the following individuals were unnecessary to this litigation: Zaphyra Francois, Dwayne Hubbard, Gubazi Sharadze, Beil Semexant, Erick Parada, Cory Evans, and Angel Salmon. *See* DE 123, 133. Thus, the Court reduces the hours claimed by the 14.5 hours billed to prepare for and attend those seven depositions [entries dated December 5-8, 2017].

The Court also declines to award fees for the 0.5 hours that counsel billed on December 12, 2017, to "Me[e]t with Client to prepare for Deposition." Counsel's billing records reflect that Plaintiff's deposition had already occurred on December 7, so the December 12 meeting was unnecessary to this litigation.

### C.     Billing for Clerical Work

"[A] fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical or which did not require the full exercise of an attorney's education and judgment." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1306 (11th Cir. 1988). A fee applicant may be compensated for clerical tasks at a clerical rate. *See id.* at 1299 ("The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates."). However, where the fee applicant makes no effort to establish a market rate for clerical work, the court may deny recovery for clerical

work. *See For Play Ltd. v. Bow to Stern Maint., Inc.*, No. 05-22002-CIV, 2006 WL 3662339, at *8 (S.D. Fla. Nov. 6, 2006) ("Plaintiff has not even attempted to prove the prevailing market rate for clerical or secretarial work, and therefore Plaintiff would not be entitled to compensation for clerical or secretarial work even if such work generally were compensable.").

Here, counsel has made no attempt to establish a market rate for clerical work. He therefore has failed to demonstrate that he is entitled to any compensation for the following work:

Counsel billed one hour to prepare a Notice of Filing the Statement of Claim, a Notice of Compliance for filing the Statement of Claim, a Notice of Telephonic Appearance, and Notices of Depositions [DE 9, 10, 81; entries dated November 16 and December 4, 2017].  The preparation of these simple and routine documents was clerical work. *See Manriquez v. Manuel Diaz Farms, Inc.*, No. 00-1511-CIV, 2002 WL 1050331, at *6 (S.D. Fla. May 23, 2002) (providing preparation of deposition notices and subpoenas as an example of clerical work), *adopted*, slip op. (S.D. Fla. June 11, 2002)

Counsel billed 1.9 hours for emails related to scheduling mediation, selecting the mediation location, scheduling depositions, and selecting the deposition location [entries dated September 18, October 13 and 20, November 30, and December 1 and 4, 2017]. Scheduling is clerical work. *See For Play Ltd.*, 2006 WL 3662339, at *8 (stating that the scheduling of mediation and depositions is clerical work); *see also Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1311 (S.D. Fla. 2009) (stating that correspondence "to coordinate scheduling with opposing counsel regarding court dates, depositions and joint filings . . . constitute basic communications that are typically handled by legal assistants or paralegals, not lawyers").

### D.  Conclusion

In conclusion, the Court reduces the 130.3 hours that counsel claims by 45 hours for excessive billing, 35.7 hours for work unnecessary to the litigation, and 2.9 for clerical work for which Plaintiff has not established a market rate.  Consequently, the Court finds that 46.7 is the total number of hours for counsel to have reasonably expended on this litigation.  At a rate of $350 per hour, counsel is entitled to an award of attorney's fees of $16,345.

Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Motion for Attorney's Fees [DE 122] is **GRANTED IN PART AND DENIED IN PART**.

2. Attorney's fees in the amount of $16,345 are awarded to Plaintiff Juan Carlos Salvador and against Defendants Brico, LLC, Anthony G. Maida, and Mark A. Mida, jointly and severally.

3. The Motion of Daniel R. Levine to withdraw as counsel for Defendants [DE 140] is **GRANTED**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 15th day of April, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record